**Opinion issued November 20, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00948-CV

_____

**DONALD HSU AND THE CITY OF HOUSTON, Appellants**

**V.**

**SARAI HERNANDEZ, Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-49793**

---

## MEMORANDUM OPINION

Donald Hsu and the City of Houston ("the City") appeal from the trial court's interlocutory orders denying their respective Rule 91a motions to dismiss Sarai Hernandez's negligence claim against them.[1]

---

[1]    Appellee Sarai Hernandez did not file a brief in response.

Hsu contends that the trial court was required to dismiss Hernandez's negligence claim against him under the election-of-remedies provision of the Texas Tort Claims Act (the TTCA).[2] The City argues that the trial court erred in denying its Rule 91a motion to dismiss because Hernandez did not plead sufficient facts to establish waiver of the City's immunity and inapplicability of related exceptions. We disagree.

We affirm the trial court's orders.

## Background

This lawsuit arises from a motor vehicle accident resulting in alleged injuries and damages to Hernandez. Hernandez alleges that she was traveling westbound approaching the intersection of Evergreen Street and Second Street and that she was traveling behind Hsu. Hernandez alleges that as Hsu moved through the intersection, he "inexplicably backed up without safety and struck [her] vehicle." As a result, Hernandez sustained personal injuries.

Hernandez sued both Hsu and the City, alleging that Hsu, an employee of the City, was operating a City vehicle in the course and scope of his employment with the City at the time of the accident. Hernandez also alleged that the acts of the City

---

[2] *See* TEX. CIV. PRAC. & REM. CODE § 101.106.

and Hsu gave rise to a waiver of immunity from suit and liability under Chapter 101 of the TTCA.[3]

Neither the City nor Hsu filed an answer. Instead, Hsu moved to dismiss Hernandez's claim against him under Texas Rule of Civil Procedure 91a. *See* TEX. R. CIV. P. 91a. Citing section 101.106, the election-of-remedies provision of the TTCA, Hsu argued that by suing him and the City, Hernandez "irrevocably elected her remedy and is forever barred from suing [Hsu] individually."[4] Thus, Hsu asserted that pursuant to Rule 91a, Hernandez's claims against him have no basis in law and must be dismissed.

The City also filed a Rule 91a motion to dismiss. The City's motion argued that Hernandez made "unfounded statements" alleging that Hsu was in the course and scope of employment at the time of the incident, without "sufficient allegations to back up those statements." The City also argued that Hsu failed to plead facts that would overcome the exceptions or exclusions to a waiver of governmental immunity in the TTCA. Thus, the City asserted that pursuant to Rule 91a, Hernandez's claims against the City have no basis in law or fact and must be dismissed.

---

[3]     *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1).

[4]     *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a) ("The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.").

Hernandez filed a joint response to both Rule 91a motions. Hernandez stated that neither Rule 91a motion addressed whether Hsu was in the course and scope of his employment with the City. Hernandez argued that in the event Hsu was not acting within the scope of employment with the City, his motion was improper, and if Hsu was within the scope of employment, his dismissal from the lawsuit must be prompted by the City's motion to dismiss him.[5]

The trial court denied both Rule 91a motions to dismiss, and this appeal followed.

## Standard of Review

Rule 91a provides a mechanism for early dismissal of a cause of action that has no basis in law or fact. TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A cause of action has no basis in fact if no reasonable person "could believe the facts pleaded." *Id.* We review the merits of a Rule 91a motion de novo. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

---

[5] *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed *on the filing of a motion by the governmental unit*.") (emphasis added).

4

We look only to "the pleading of the cause of action, together with any pleading exhibits" and do not consider any other part of the record. TEX. R. CIV. P. 91a.6; *see Sanchez*, 494 S.W.3d at 724 ("Whether the dismissal standard is satisfied depends 'solely on the pleading of the cause of action.'"). We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *City of Houston v. Tran*, No. 01-24-00235-CV, 2025 WL 309723, at *3 (Tex. App.—Houston [1st Dist.] Jan. 28, 2025, pet. denied) (mem. op.).

Hsu's and the City's Rule 91a motions each raised an issue about the waiver of immunity as conferred by sections 101.106 and 101.021(1) of the TTCA. If immunity applies, the trial court lacks subject matter jurisdiction over Hernandez's negligence claim against each appellant. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Subject matter jurisdiction is a question of law which we review de novo. *Id.* at 226. Likewise, matters of statutory construction are reviewed under a de novo standard. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

**Applicable Law**

The state and certain governmental units are entitled to sovereign or governmental immunity, which deprives a trial court of subject matter jurisdiction, unless the state waives immunity by consenting to suit. *See* TEX. GOV'T CODE

5

§ 311.034; *Miranda*, 133 S.W.3d at 224. The TTCA provides a limited waiver of this immunity. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008).

Section 101.021(1) of the TTCA provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

> (B) the employee would be personally liable to the claimant according to the Texas law[.]

TEX. CIV. PRAC. & REM. CODE § 101.021(1).

Additionally, the TTCA election-of-remedies provision requires a plaintiff to "decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at 657. Subsections 101.106(a) and (e) provide:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

. . . .

6

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106(a), (e).

## The City's Rule 91a Motion

The City appeals the denial of its Rule 91a motion to dismiss Hernandez's negligence claim because the City alleges that Hernandez did not meet her burden to demonstrate that the trial court has jurisdiction by showing that her claim falls within a statutory waiver of immunity. The City argues that Hernandez did not allege facts as to Hsu's role with the City, such as the department he worked for or what he was doing at the time of the collision, nor did Hernandez allege facts to establish that Hsu was acting within the scope of employment, such as what his job entailed. Finally, the City argues that Hernandez did not plead facts to demonstrate that certain plausibly implicated exceptions to the immunity waiver do not apply. *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023) (explaining while TTCA waives governmental immunity for certain torts, it withdraws that waiver under certain circumstances); TEX. CIV. PRAC. & REM. CODE § 101.005(2) (emergency exception); *id.* § 101.062 (9-1-1 emergency services exception).

Hernandez's live pleading alleged that while acting within the course and scope of his employment with the City, Hsu was driving a vehicle that caused a collision with Hernandez's vehicle. Hernandez alleged that Hsu's acts or omissions

7

were negligent and proximately caused her injuries. Hernandez identified ten alleged acts or omissions of Hsu including his failure to "back" with safety, maintain a lane, control his vehicle's speed, operate the vehicle safely, keep a proper lookout, timely apply brakes, take proper evasive action, yield the right of way, keep a safe distance from Hernandez's vehicle, and operate the vehicle free from distractions such as a cellular device.

While Hernandez's pleading revealed very little about Hsu's role as an alleged City employee and very little about the collision itself, Hernandez's pleading included sufficient facts to bring her claim "within the waiver." *Rattray*, 662 S.W.3d at 867; *see* TEX. CIV. PRAC. & REM. CODE § 101.021(1) (waiving immunity for property damage and personal injury arising from operation or use of motor-driven vehicle by governmental unit employee if employee would be personally liable under Texas law). Hernandez alleged that a City employee caused her damages by operating a car negligently, listing several ways in which he did so. At this stage of the litigation and under our standard of review, we accept the factual allegations in Hernandez's pleading as true. *City of Houston v. Tran*, No. 01-24-00235-CV, 2025 WL 309723, at *3 (Tex. App.—Houston [1st Dist.] Jan. 28, 2025, pet. denied) (mem. op.). We cannot say that Hernandez's cause of action has no basis in law or fact. *See* TEX. R. CIV. P. 91a.

To the extent the City argues that Hernandez was also required to establish that no exceptions to waiver apply, Hernandez "need only expressly negate those exceptions that [his] allegations plausibly implicate." *City of Houston v. Cruz*, No. 01-22-00647-CV, 2023 WL 8938408, at *7 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023, no pet.) (mem. op.) (quoting *Rattray*, 662 S.W.3d at 867–68). Like in *Cruz*, nothing in Hernandez's petition alluded to any emergency action, and thus she was not required to expressly negate the TTCA's emergency or 9-1-1 exceptions in her petition. *Id.* (citing *Rattray*, 662 S.W.3d at 867–68); *see also City of Houston v. Polk*, No. 14-23-0036-CV, 2025 WL 1692588, at *5 (Tex. App.—Houston [14th Dist.] June 17, 2025, no pet.) (mem. op.) (citing *Cruz*, 2023 WL 8938408, at *7) (holding plaintiff did not have burden to negate emergency exceptions when nothing in petition alleged facts consistent with emergency action).

We conclude that nothing in Hernandez's live pleading plausibly implicates the applicability of emergency or 9-1-1 exceptions; thus, she was not required to negate them. *See Rattray*, 662 S.W.3d at 867–68.

The trial court did not err in denying the City's Rule 91a motion. We overrule the City's issue on appeal.

### Hsu's Rule 91a Motion

Hsu argues that the trial court erred by denying his Rule 91a motion to dismiss Hernandez's negligence claim against him because Hernandez's choice to file suit

9

against both the City and its employee "triggered [TEX. CIV. PRAC. & REM. CODE § 101.106(e)], mandating that suit against Hsu be dismissed and proceed against [the City] only." Hsu argues that Hernandez "irrevocably elected" her remedy and is "forever barred" from suing him individually. Therefore, under Hsu's reading of section 101.106(a) and (e), he asserts Hernandez's suit has no basis in law, and he is entitled to be dismissed as a matter of law. Considering the appropriate standard of review and procedural posture of this case, we disagree.

First, we consider the applicability of subsection (a), which turns on whether the suit was filed against Hsu in his individual or official capacity. *See Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex 2014) (citing TEX. CIV. PRAC. & REM. CODE § 101.106(a) and stating plain language of section 101.106 "demonstrates that a suit against the government triggers subsection (a) and bars suit against an employee who has been sued in his individual rather than official capacity").

Hernandez alleges in her petition that Hsu (1) is an "employee driver" of the City, (2) was operating a vehicle for the City at the time of the incident, (3) in the course and scope of his employment, and (4) "was performing a governmental function for [the City] at all times relevant to this lawsuit." Hernandez alleged further that Hsu "inexplicably backed up without safety and struck [her] vehicle."

10

Considering solely the pleadings, as we must under the applicable standard of review,[6] we conclude that Hernandez's allegations against Hsu are based on conduct within the scope of employment with the City, and therefore, not against Hsu in his individual capacity. Because Hsu was sued in his official capacity, section 101.106(a) does not bar Hernandez's suit against him. *City of Houston v. Tran*, No. 01-24-00235-CV, 2025 WL 309723, at *4 (Tex. App.—Houston [1st Dist.] Jan. 28, 2025, pet. denied) (mem. op.) (citing *Stinson v. Fontenot*, 435 S.W.3d 793, 794 (Tex. 2014)).

We conclude that, under the facts and procedural posture of this case, section 101.106(e) does not mandate dismissal of Hernandez's claims against Hsu. As noted above, subsection (e) provides that when a plaintiff fails to make an election and sues both a governmental unit and its employee, "the employee[] shall immediately be dismissed *on the filing of a motion by the governmental unit.*" TEX. CIV. PRAC. & REM. CODE § 101.106(e) (emphasis added). By its plain language, subsection (e) requires a motion to be filed by the governmental unit before the employee is entitled to dismissal. The record here does not show that the City has filed a motion to dismiss Hsu under section 101.106(e). Subsection (e) does not *require* a governmental unit to move to dismiss its employee when both the governmental unit

---

6       *See* TEX. R. CIV. P. 91a.6; *City of Dallas v. Sanchez*, 494 S.W.3d 724, 724 (Tex. 2016) (per curiam).

11

and the employee are sued for tort claims, but rather allows the governmental unit the option to move to dismiss claims against itself for lack of jurisdiction if the employee did not act within the course and scope of employment. *Tran*, 2025 WL 309723, at *5 n.6 (citing *Crockett Cnty. v. Damian*, 622 S.W.3d 58, 61 (Tex. App.— El Paso 2020, no pet.) ("If a plaintiff fails to make the election between the governmental unit and the employee in his individual capacity when suit is first filed and instead sues both parties, as happened here, the governmental unit can, but is not required to file a motion to dismiss all state-law-tort claims against its employee.")); *see Ledesma v. City of Houston*, 623 S.W.3d 840, 847–48 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

There is no dispute here that Hsu's Rule 91a motion was filed on his behalf only. The City did not join Hsu's motion, nor did it file a separate motion to dismiss the claims against Hsu.[7] Without a motion to dismiss Hsu filed by the City, Hsu is not entitled to dismissal under section 101.106(e). *See Tran*, 2025 WL 309723 at *5; *Hung v. Davis*, No. 01-20-00746-CV, 2022 WL 1008805, at *4 (Tex. App.— Houston [1st Dist.] Apr. 5, 2022, no pet.) (mem. op.) ("The City's motion to dismiss

---

[7]     While the City filed a separate Rule 91a motion to dismiss the claims against itself, the motion did not seek to dismiss the claims against Hsu. The motion argued that the facts in Hernandez's petition are too vague to trigger waiver of governmental immunity under the TTCA. The City also argued that Hernandez failed to address any possible exceptions or exclusions.

Hung under Section 101.106(e) confirmed Hung's status as an employee and triggered his right to dismissal from the lawsuit.").

The trial court did not err by denying Hsu's Rule 91a motion to dismiss. We overrule Hsu's issue on appeal.

## Conclusion

We affirm the trial court's orders.


Susanna Dokupil
Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.